UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMEKA EKWUEME, | ) | 1:07-CV-01215 OWW GSA HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| MICHAEL CHERTOFF, et al., | ) | |
| Respondents. | ) | |

**INTRODUCTION**

Petitioner is being detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") pending removal from the United States. Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition filed on August 6, 2007, Petitioner claims Respondent has unlawfully retrained him of his liberty in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment to the United States Constitution.

**FACTUAL BACKGROUND**

Petitioner is a native and citizen of Nigeria who entered the United States without inspection on or about May 29, 2002. See Petition at ¶5. On March 19, 1999, Petitioner was ordered removed from the United States by an Immigration Judge *in abstentia*. See Petition at ¶7. Petitioner later filed

a motion to reopen to rescind the prior order of removal. Id. On April 23, 2004, an immigration judge granted Petitioner's motion to reopen but denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Id. at ¶4, 14; Attachment A to Response. Petitioner appealed to the Board of Immigration Appeals; however, the Board affirmed the order on March 10, 2004. Id. at ¶14. Petitioner filed a petition for review to the Ninth Circuit Court of Appeal, but the petition was dismissed as untimely on May 21, 2004. See Ninth Cir. No. 04-71816.

Petitioner was later arrested by the Santa Clara police for grand theft. See Attachment B to Response. He entered ICE custody on September 30, 2005. See Attachment C to Response. Petitioner filed a motion to reopen the case before the Board on January 20, 2006. See Attachment B to Response. On that same date, Petitioner filed a second petition for review with the Ninth Circuit and obtained a temporary stay of removal. On January 30, 2006, ICE conducted a custody review and informed Petitioner that his removal was imminent. See Exhibit A to Petition.

On May 26, 2006, the Board denied Petitioner's motion to reopen. See Attachment B to Response. On June 2, 2006, Petitioner was released from ICE custody to the custody of the Santa Clara police department. See Attachment C to Response. He was convicted of grand theft and sentenced to 364 days in jail. See Petition at ¶25. On June 30, 2006, the Ninth Circuit granted Petitioner's motion for voluntary dismissal of the second petition for review, and mandate issued on that same date. See Ninth Cir. No. 06-70382. On September 8, 2006, he commenced serving his sentence. See Attachment C to Response. On June 22, 2006, he filed a third petition for review in the Ninth Circuit. This case remains pending. See Ninth Cir. No. 06-73205.

Petitioner completed his sentence and was returned to ICE custody on March 26, 2007. See Attachment C to Response. A second custody review was conducted on June 25, 2007, whereupon Petitioner was informed he would remain in custody pending removal. See Exhibit A to Petition. Petitioner has been in post-removal order custody since then. Id.

**DISCUSSION**

I. Jurisdiction.

Habeas corpus relief is appropriate when a person "is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas corpus proceedings pursuant to § 2241 remain available as a forum for statutory and constitutional challenges to the authority of the Attorney General to order post-removal-period detention; in such a proceeding, the petitioner is not seeking review of the Attorney General's exercise of discretion, but rather is challenging the extent of the authority to detain under the statute, which is not a matter of discretion. Zadvydas v. Davis, 533 U.S. 678, 688 (2001); Magana Pizano v. Immigration and Naturalization Service, 200 F.3d 603, 608-09 (9th Cir. 1999). The REAL ID Act of 2005, Pub.L. No. 109-13, Div. B., 119 Stat. 231 does not divest the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 43 (9th Cir.2005), *quoting* H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005). As Petitioner is challenging his continued detention, not the order of removal, the Court has subject matter jurisdiction over this action.

With respect to jurisdiction over the person, 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). It is sufficient if the custodian is within the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948), *overruled on other grounds in* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 193, *citing* Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Review of the petition shows that Petitioner is detained in the Kern County Lerdo Detention Facility located in Bakersfield, California. Bakersfield is within the territorial jurisdiction of this Court.

II.  Exhaustion of Administrative Remedies.

Exhaustion of administrative remedies before seeking relief from the federal courts is

required where Congress specifically mandates it; however, when Congress has not clearly required exhaustion, the necessity of exhaustion is entrusted to sound judicial discretion. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (holding exhaustion of a prison grievance procedure unnecessary before a federal prisoner brought a Bivens action seeking only monetary damages, superseded by statutory amendment as noted in Booth v. Churner, 532 U.S. 731, 738 (2001)). Even if exhaustion is not mandated, judicially fashioned principles of exhaustion should be consistent with congressional intent and the applicable statutory scheme. McCarthy v. Madigan, 503 U.S. at 144.

Petitioner has fully exhausted his administrative remedies. He has appealed to the highest administrative level and he has filed a petition for review in the Ninth Circuit Court of Appeal.

III.  Authority to Detain Petitioner.

Petitioner is subject to the Immigration Judge's order of removal which became final when the Board of Immigration Appeals affirmed the order on March 10, 2004. See Petition at ¶14. Therefore, he is subject to the detention and removal provisions set forth at 8 U.S.C. § 1231(a).

Title 8 U.S.C. § 1231(a)(1) provides generally that except as otherwise provided in that section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of ninety days, the "removal period." Title 8 U.S.C. § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In addition to those aliens found to be risks to the community or unlikely to comply with the order of removal, aliens subject to this detention provision include inadmissible aliens, criminal aliens, aliens who have violated their non-immigrant status conditions, and aliens removable for certain national security or foreign relations reasons. Zadvydas v. Davis, 533 U.S. at 688.

In Zadvydas v. Davis, in order to avoid serious doubts as to the constitutionality of § 1231(a)(6), the Court interpreted it not to permit indefinite detention, but rather to limit an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal

from the United States. Id. at 688-89. The Court determined that aliens who had been ordered removed had a liberty interest in being released subject to supervision which was strong enough to raise a serious question as to whether, irrespective of the procedures used, the Constitution permits detention that is indefinite and potentially permanent. Id. at 696. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. Id. at 699. The authority of the government to detain is thus coextensive with the reasonable likelihood of removal, and the question of the extent of that authority is for the federal judiciary to decide in proceedings pursuant to 28 U.S.C. § 2241(c)(3). Id. With respect to the process of decision that this Court is to follow, the Court instructed:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. See supra, at 2501 (citing 8 U.S.C. §§ 1231(a)(3), 1253 (1994 ed., Supp. V); 8 C.F.R. § 241.5 (2001)). And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period. See supra, at 2499.
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. (Citation omitted.) But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.
>
> Ordinary principles of judicial review in this area recognize primary Executive Branch responsibility. They counsel judges to give expert agencies decisionmaking leeway in matters that invoke their expertise. See Pension Benefit Guaranty Corporation v. LTV Corp., 496 U.S. 633, 651-652, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990). They recognize Executive Branch primacy in foreign policy matters. See Container Corp. of America v. Franchise Tax Bd., 463 U.S. 159, 196, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983). And they consequently require courts to listen with care when the Government's foreign policy judgments, including, for example, the status of repatriation negotiations, are at issue, and to grant the Government appropriate leeway when its judgments rest upon foreign policy expertise.

Id. at 699-700.

In order to further uniform administration in the federal courts and to limit the frequency with which courts would be faced with difficult judgments regarding matters which are the subject of executive expertise, the Court adopted six months as a period within which detention is presumptively reasonable. Id. at 701. The Court instructed:

> After this [six]-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This [six]-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

Respondent claims that continued detention is not indefinite because there is a significant likelihood of removal in the reasonably foreseeable future. Respondent further argues that Petitioner has acted to prevent his removal. Respondent's arguments are persuasive.

Petitioner argues he has been detained in ICE custody for the past two years subject to a final order of removal of March 10, 2004. This is not the case. Although Petitioner entered ICE custody on September 30, 2005, he filed his second petition for review with the Ninth Circuit on January 20, 2006. By doing so, he obtained an automatic stay of removal. He was later released to the Santa Clara police on June 2, 2006, and only returned to ICE custody on March 26, 2007, after serving his state sentence. However, ICE has been unable to remove Petitioner because of the automatic stay issued on June 22, 2006, when Petitioner filed his third petition for review in the Ninth Circuit. This stay is still pending. Therefore, Petitioner's argument that he has been in continuous custody in the past two years and ICE should have been able to effect his removal in that time is without merit.

Title 8 U.S.C. § 1231(a)(1)(B)(ii) states the "removal period begins on the latest of the following: . . . (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order." Here, an automatic stay was issued when Petitioner filed his third petition in the Ninth Circuit. In such a case, the ninety day period is suspended during this time period. See Ma v. Ashcroft, 257 F.3d 1095, 1104 n. 12 ("If the removal

order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order."). Accordingly, the ninety day removal period has been extended in this case because of the third petition for review. 8 U.S.C. § 1231(a)(1)(C) allows for detention of the alien at the discretion of ICE during this extended period.

In addition, there appears to be a significant likelihood of Petitioner's removal to Nigeria in the reasonably foreseeable future. In this case, Respondent has secured a travel document from the government of Nigeria to effect to his removal. As of January 30, 2006, Petitioner's removal was imminent. If not for the automatic stay, Petitioner would have been removed. When the Ninth Circuit rules on the petition, the automatic stay will be lifted and Respondent will be able to remove Petitioner. Therefore, Petitioner has not shown that there is no significant likelihood of removal in the reasonably foreseeable future.

Accordingly, the petition should be denied, because Petitioner's current detention is lawful and authorized by statute.

**RECOMMENDATION**

The Court hereby RECOMMENDS that the petition for writ of habeas corpus be DENIED and the Clerk of Court be DIRECTED to enter judgment.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 31, 2007**                              /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE