UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMEKA EKWUEME, | ) | 1:07-CV-01215 OWW GSA HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION IN PART |
| | ) | [Doc. #17] |
| v. | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| MICHAEL CHERTOFF, et al., | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondents. | ) | TO ENTER JUDGMENT |
| | ) | |

Petitioner is a detainee of the United States Bureau of Immigration and Customs Enforcement ("ICE") proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is represented in this action by Martin R. Guajardo, Esq.

On October 31, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On November 30, 2007, Petitioner filed objections to the Findings and Recommendation.

Petitioner argues he has been in Respondent's custody since September 30, 2005. He contends there is no significant likelihood of removal in the near future because he has a meritorious petition for review pending in the Ninth Circuit. He further argues his act of seeking a stay from the Ninth Circuit cannot be considered an action taken to prevent his removal within the meaning of 8 U.S.C. § 1231(a)(1)(C)[1] and therefore cannot be held against him. As discussed below, Petitioner's arguments are without merit.

The Magistrate Judge determined Petitioner is being detained pursuant to the detention and removal provisions set forth in 8 U.S.C. § 1231(a). However, Petitioner is being detained pursuant to the provisions set forth in 8 U.S.C. § 1226(a).

Title 8 U.S.C. § 1231(a)(1) provides generally that except as otherwise provided in that section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of ninety days, the "removal period." Section 1231(a)(2) provides that "[d]uring the removal period, the Attorney General shall detain the alien." However, in § 1231(a)(1)(B), the statute states the removal period does not begin to run until the date of a reviewing court's final order "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien." Here, Petitioner has filed a petition for review in the Ninth Circuit Court of Appeals, and the Ninth Circuit has ordered a stay of removal. For this reason, the removal period has not yet commenced. The removal period cannot therefore be suspended under § 1231(a)(1)(C).

Thus, Petitioner's detention is controlled by 8 U.S.C. § 1226. Section 1226(a) states "an alien may be arrested and detained pending a decision on whether the alien is to removed from the United States." Sections 1226 (a) & (c) divide aliens in two separate categories: those who have committed crimes as set forth in § 1226(c); and all others. If Petitioner is "inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title," "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title," "is deportable under section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien

---

[1] Title 8 U.S.C. § 1231(a)(1)(C) provides that the removal period can be extended beyond 90 days only "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."

has been sentence to a term of imprisonment of at least 1 year," or "is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B)," then the Attorney General must take her into custody. 8 U.S.C. § 1226(c). Petitioner was convicted of grand theft in 2006 and sentenced to 300 days in jail. Grand theft qualifies as an act of moral turpitude under § 1226(c)(1)(A) pursuant to § 1182(a)(2). Therefore, Petitioner can be mandatorily detained pursuant to § 1226(c).

Even if Petitioner was detained pursuant to § 1226(a), the detention would be lawful. Section 1226(a) grants the Attorney General discretion to determine whether an alien should be arrested and detained, or released on bond or otherwise, pending removal proceedings. In this case, it was determined that Petitioner would be detained without bond pending his removal from the country. With respect to judicial review of this decision, section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Therefore, the Attorney General's decision to detain Petitioner without granting release on bond is a "discretionary judgment" that is not reviewable by this Court. In Demore v. Kim, the Supreme Court ruled that the Government could require that, as is the case here, an alien be detained for the brief period necessary for his removal proceedings, without providing an individualized determination as to whether he presents a flight risk, and thus the detention of the alien, pursuant to the no-bail provision of the INA, does not violate his due process rights under the Fifth Amendment. 538 U.S. 510 (2003).

Petitioner, however, contends that his detention is indefinite in nature and therefore violates his constitutional rights. In Zadvydas v. Davis, in order to avoid serious doubts as to the constitutionality of § 1231(a)(6), the Court interpreted it not to permit indefinite detention, but rather to limit an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. Id. at 688-89. The Court determined that aliens who had been ordered removed had a liberty interest in being released subject to supervision which was strong enough to raise a serious question as to whether, irrespective of the procedures used, the Constitution permits detention that is indefinite and potentially permanent. Id. at 696. Once removal

is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. Id. at 699. The authority of the government to detain is thus coextensive with the reasonable likelihood of removal, and the question of the extent of that authority is for the federal judiciary to decide in proceedings pursuant to 28 U.S.C. § 2241(c)(3). Id. In order to further uniform administration in the federal courts and to limit the frequency with which courts would be faced with difficult judgments regarding matters which are the subject of executive expertise, the Court adopted six months as a period within which detention is presumptively reasonable. Id. at 701. The Court instructed:

> After this [six]-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This [six]-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

In Nadarajah v. Gonzales, the Ninth Circuit concluded that, consistent with Zadvydas, the general immigration statutes do not authorize the Attorney General to incarcerate detainees for an indefinite period. 443 F.3d 1069, 1078 (9th Cir.2006). Rather, the same presumptively reasonable six-month period applies, and "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id., *quoting* Zadvydas, 533 U.S. at 701.

Applying these concepts to this case, it cannot be concluded that there is no significant likelihood of removal in the reasonably foreseeable future. First, Petitioner has been detained continuously for just under 10 months at this point. This is longer than the presumptively reasonable six-month period but far shorter than the nearly five-year detention in Nadarajah, 443 F.3d at 1080, or the two year and eight month delay in Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir.2005). Petitioner has already been found removable by the IJ, and the reason Petitioner is still being detained is not due to the Attorney General's delay but due to his appeal to the Ninth Circuit. As noted by the Magistrate Judge, Petitioner has already been issued a travel document from the

government of Nigeria, and would promptly be removed if not for the petition to the Ninth Circuit. As stated by the Seventh Circuit in an analogous case:

> An alien in [Petitioner's] position can withdraw his defense of the removal proceeding and return to his native land, thus ending his detention immediately. He has the keys in his pocket. A criminal alien who insists on postponing the inevitable has no constitutional right to remain at large during the ensuing delay, and the United States has a powerful interest in maintaining the detention in order to ensure that removal actually occurs.

Parra v. Perryman, 172 F.3d 954, 958 (7th Cir.1999)

This is also the case here. Petitioner complains he is being detained for an indefinite period, but the period is not indefinite. As in Parra, he has the keys to release in his pocket and can be returned to Nigeria without delay should he choose. In addition, as the parties have stated, the petition for review is currently pending before the Ninth Circuit.

Petitioner's current detention is authorized by statute; he is currently being mandatorily detained pursuant to 8 U.S.C. § 1226(c). Even if the detention statute in § 1226(a) applied, Petitioner has not demonstrated that there is no significant likelihood of removal in the foreseeable future.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's recommendation that the petition be denied is supported by the record.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued October 31, 2007, is ADOPTED IN PART;

2. The Petition for Writ of Habeas Corpus is DENIED; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:    January 15, 2008**             /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE